James R. Hawkins, Esq. SBN 192925
james@jameshawkinsaplc.com
Christina M. Lucio, Esq. SBN 253677
christina@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiff Susana Acosta,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA ACOSTA, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>EXPRESS MESSENGER SYSTEMS, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.<br>Assigned For All Purposes to:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>1) Violation of the Fair Labor Standards Act, 29 U.S.C. section 201 et seq.<br>2) Failure to Pay Overtime Wages<br>3) Failure to Pay Minimum Wages<br>4) Failure to Provide Meal Periods<br>5) Failure to Authorize and Permit Rest Periods<br>6) Unlawful Wage Deductions<br>7) Failure to Indemnify for Necessary Expenses<br>8) Failure to Timely Pay Wages Due at Termination or Resignation<br>9) Violations of the Unfair Competition Law<br>10) Penalties Under the Private Attorneys' General Act<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Susana Acosta ("Plaintiff"), by and through counsel, brings this wage and hour action against her former employer, Defendant Express Messenger Systems, Inc., doing business as OnTrac ("Defendant" or "OnTrac"), on behalf of herself and other current and former

- 1 –

employees who are similarly situated, and alleges as follows:

## NATURE OF THE ACTION

1.     This class and collective action arises from OnTrac's wrongful scheme to deny its employees earned wages for all overtime hours worked and for all hours worked "off-the-clock" in violation of the Fair Labor Standards Act ("FLSA") and California wage and hour laws.

2.     Plaintiff brings this action on behalf of herself individually and on behalf of all persons who are or have been employed by Express Messenger Systems, Inc. in the State of California as non-exempt employees in sorter, loader, unloader, courier, or package handler positions, and similar and incidental positions (the "Class") during the relevant time period (four years prior to the date of filing of this Complaint to the present).

3.     OnTrac's wrongful acts against Plaintiff and other Class Members arose from OnTrac's failure to provide Class Members with statutorily required meal and rest breaks and its failure to pay its employees all wages earned and due for hours worked, including their failure to properly calculate and pay for all overtime hours worked and for hours worked "off-the-clock."

4.     OnTrac accomplished its wage and hour violations through systematic policies and/or practices that effectively coerced and pressured its non-exempt employees, like Ms. Acosta, to shorten or forego meal and rest periods and to otherwise work beyond the hours that they were properly compensated for by OnTrac. The result is that OnTrac failed to properly pay Plaintiff and other members of the Class for all hours worked and for hours worked in excess of forty (40) hours in a workweek and/or eight (8) hours in a workday at time and one-half their regular rate in violation of the FLSA and California wage and hour laws.

5.     OnTrac also failed to properly pay all earned wages, including at least minimum wage for each hour worked, as OnTrac issued payment for wages to its employees, like Ms. Acosta and the Class Members, in the form of a debit card.  However, upon information and belief, certain unauthorized debits, charges, and unlawful deductions were taken by OnTrac and/or the financial institution issuing the debit card from the funds loaded on the employee's debit card (wages earned), such that that the employee was paid less than all wages owed for hours worked.  In addition, OnTrac's timekeeping practices resulted in employees not being fully

1    paid for all hours worked.

2          6.     OnTrac also failed to reimburse Class Members for all necessary expenses

3    incurred, including for the purchase of back braces and other items required for the performance

4    of the employee's job duties.

5          7.     For at least four years preceding the filing of this action, OnTrac has willfully

6    committed widespread violations of the FLSA and California wage and hours laws. Plaintiff and

7    the proposed Class have suffered common financial harm as OnTrac has violated and continues

8    to violate the following: (1) FLSA, 29 U.S.C. § 206-207; (2) California Labor Code §§ 201 -

9    204, 212, 221-224, 225.5, 226, 226.7, 510, 512, 516, 558, 1194, 1194.2, 1197, 1198; (3) Unfair

10    Competition Law ("UCL") codified in California Business and Professions Code § 17200, et

11    seq.; (4) Labor Code section 2802;  and (4) applicable California Industrial Welfare Commission

12    ("IWC") Wage Orders.

13    ## JURISDICTION AND VENUE

14          8.     This Court has subject matter jurisdiction over Plaintiff's Fair Labor Standards

15    Act ("FLSA") claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Additionally, this

16    Court has jurisdiction over Plaintiff's state law claims pursuant to the doctrine of supplemental

17    jurisdiction, as provided in 28 U.S.C. § 1367.

18          9.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391

19    because Express Messenger Systems, Inc. is a corporation that (i) is subject to personal

20    jurisdiction in this District, and, therefore, resides in this District and/or (ii) committed the

21    wrongful conduct against certain members of the Class in this District.

22    ## THE PARTIES

23         10.     Plaintiff was employed by OnTrac in 2015 as a full-time sorter assigned to

24    OnTrac's Santa Ana, California facility.

25         11.     At all relevant times, Plaintiff was a citizen and resident of Orange County,

26    California.

27         12.     Defendant Express Messenger Systems, Inc. is a Delaware corporation registered

28    to do business in California with its headquarters in Arizona.  Express Messenger has at all

relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California.

13.     OnTrac operates a national courier/messenger or delivery service and services every zip code in California. OnTrac has its principal office in Arizona and maintains operational facilities in California, including Santa Ana, California and Arizona, Nevada, Oregon, Washington, Utah, Colorado and Idaho, including drop boxes to accept packages for delivery throughout California. OnTrac's website (https://www.ontrac.com/index.asp) represents that it offers a variety of shipping services to meet the needs of both large and small customers.

14.     The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names in accordance with Central District Local Rule 19-1.  Plaintiff is informed and believes, and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

15.     Plaintiff is informed and believes, and based thereon allege, that Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## FACTUAL ALLEGATIONS

16.     In 2015, Plaintiff was employed by OnTrac as a full-time sorter at OnTrac's Santa Ana, California facility. As a sorter, Plaintiff's job duties were to process and handle packages to ensure that they are made ready for delivery at OnTrac's Santa Ana facility.

17.     During her employment, Plaintiff worked from 1:30 a.m. to 9:00/ 9:30 a.m. from Tuesday to Saturday; however, her shift varied based on workload and when the trailers arrived at the warehouse location with merchandise.  When the merchandise arrived late, Plaintiff and her co-workers were required to work over their scheduled hours.

CLASS ACTION COMPLAINT

18.     Plaintiff and the Class Members were non-exempt employee eligible for overtime compensation and meal and rest periods.

19.     OnTrac maintained a series of policies that effectively coerced and pressured its non-exempt employees, like Plaintiff, to shorten or forego meal and rest periods and to otherwise work beyond the hours that they were properly compensated for by OnTrac.  These policies and practices give rise to violations due to failure to pay premium payments, failure to pay overtime wages owed, and failure to pay minimum wages.

20.     Plaintiff and her co-workers were not timely provided legally compliant meal and rest periods as a consequence of their workloads and production demands, and OnTrac's policies.

21.     OnTrac violated Labor Code sections 512 and 226.7 by failing to provide timely, uninterrupted meal periods or compensation in lieu thereof.  Pursuant to Labor Code section 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

22.     In this case, OnTrac failed to provide Ms. Acosta and, upon information and belief, the Class Members, timely, compliant first and second uninterrupted meal periods of not less than thirty (30) minutes.  OnTrac implemented and enforced policies and practices which pressured or required employees to work during their meal periods, take untimely meal periods, to forego their meal periods, and/or to return to work from meal periods prior to thirty (30) uninterrupted minutes

23.     Plaintiff and, upon information and belief, the Class were systematically not permitted or authorized to take one ten-minute rest period for every four hours worked or major fraction thereof, which is a violation of Labor Code 226.7 and IWC wage order 9-2001, section 12.

24.    On shifts where Ms. Acosta and the Class worked in excess of three and one-half hours they were routinely not permitted and authorized to take lawful rest periods and were not compensated with one hour of wages for every day in which a rest period was missed or untimely as a result of OnTrac's policies, practices, or work demands.  By failing to authorize and permit a ten-minute rest period for every four hours or major fraction thereof worked per day by its non-exempt employees, and by failing to provide compensation for such non-provided or shortened rest periods, as alleged above, OnTrac willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Order No. 9-2001.

25.    Further, Plaintiff was required to purchase items, including a back brace, as a necessary expense incurred in direct consequence of the discharge of her duties.  She was not reimbursed for this expenditure.  OnTrac violated Labor Code section 2802 which requires employers to reimburse employees for necessary expenses by failing to reimburse such expenses.

26.    Upon information and belief, the Class Members were similarly not reimbursed for such expenditures incurred in direct discharge of their duties.

27.    OnTrac willfully violated Labor Code sections 201-203 by failing to provide all wages owed at separation from employment.  Labor Code sections 201 and 202 require an employer to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

28.    Plaintiff, and upon information and belief the Class Members who were separated from employment, are entitled to compensation for all forms of wages earned, including but not limited to unpaid overtime compensation and compensation for non-provided meal and rest periods, but to date have not received such compensation.

29.    OnTrac also violated the provisions of Labor Code sections 212, 221, 223, 510, 1194, and 1197.  OnTrac issued payment to its employees, like Plaintiff and, upon information and belief, the other Class Members, for wages in the form of a debit card.  However, certain

unauthorized debits, charges, and unlawful deductions were taken by the employer and/or the financial institution issuing the debit card from the funds loaded on the employee's debit card (wages earned), such that that the employee was paid less than all wages owed for hours worked. In addition, OnTrac's timekeeping practices resulted in employees not being fully paid for all hours worked.

30.     OnTrac violated Labor Code section 226 by knowingly and intentionally failing to comply with Labor Code § 226(a) by failing to provide accurate, itemized wage statements with the following information at the time of payment of wages: "(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer …and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."  In fact, OnTrac generally failed to provide any wage statements to employees, such as Plaintiff and the Class Members, at the time of payment of wages and instead did not supply such statements except upon employee request to management. This constitutes a violation of the provision.  In addition, given the violations set forth above and the resulting inaccuracies in the wage statements provided by OnTrac to Plaintiff and the other Class Members, the wage statements issued by OnTrac are non-compliant.

## COLLECTIVE ACTION AND CLASS ALLEGATIONS

**A.     FLSA Collective Action Allegations**

31.     Plaintiff brings this action for violation of the FLSA as a collective action, pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of the following

class (the "FLSA Class"):

> All persons who are or have been employed by OnTrac as non-exempt, hourly employees in sorter, loader, unloader, courier, or package handler positions, and similar and incidental positions, however titled, during the period beginning three (3) years prior to the date of commencement of this action through the date of judgment in this action.

32.     Members of the FLSA Class are similarly situated in that they have substantially similar job requirements and pay provisions and are subject to a uniform practice, policy or plan which violated the FLSA in that OnTrac failed to pay such employees at least minimum wage for each hour worked and/or failed to properly compensate such employees for all hours worked in excess of forty (40) hours in a workweek, at a rate of one and a-half times their regular rate of pay, as defined by as defined by 29 C.F.R. § 778.109.

33.     The proposed FLSA Class is sufficiently numerous, since it is estimated to include hundreds of similarly situated current and former sorters employed by OnTrac, the joinder of whom in one action is impracticable, and the disposition of whose claims in a collective action would provide substantial benefits to both the parties and the Court.

34.     Those similarly situated employees are known to OnTrac, are readily identifiable, and can be located through OnTrac's business records.

35.     Plaintiff and members of the proposed FLSA Class, therefore, should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

36.      Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff and members of the proposed FLSA Class.

37.     Plaintiff requests that she be permitted to serve as representative of the proposed FLSA Class and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

**B.     Rule 23 California Class Action Allegations**

38.      Plaintiff also brings her claims for relief to redress and remedy OnTrac's violations of California Labor Code pursuant to Rule 23 of the Federal Rules of Civil Procedure.

39.      Plaintiff seeks to represent the following class of OnTrac employees (the "California Class"):

All persons who are employed or have been employed by OnTrac as non-exempt, hourly employees in sorter, loader, unloader, courier, or package handler positions, and similar and incidental positions, however titled, in the state of California during the period beginning 4 years prior to the commencement of this action through the date of judgment in this action (the "Class Period").

40.    Plaintiff also seeks to represent a sub-class of OnTrac Employees in California who have been denied overtime wages mandated by California law (the "Unpaid Overtime Class"):

All persons who are employed or have been employed by OnTrac as non-exempt, hourly employees in sorter, loader, unloader, courier, or package handler positions, and similar and incidental positions, however titled, in the state of California, who were not paid all overtime wages earned.

41.    Plaintiff also seeks to represent a sub-class of OnTrac Employees in California who have been denied minimum wages as mandated by California law (the "Minimum Wage Class"):

All persons who are employed or have been employed by OnTrac as non-exempt, hourly employees in sorter, loader, unloader, courier, or package handler positions, and similar and incidental positions, however titled, in the state of California, and who worked hours for which they were not paid at least minimum wage.

42.    Plaintiff also seeks to represent the following sub-class of OnTrac employees who were not provided first meal periods as mandated by California law (the "Meal Period Class"):

All persons who are employed or have been employed by OnTrac as non-exempt, hourly employees in sorter, loader, unloader, courier, or package handler positions, and similar and incidental positions, however titled, in the state of California, who worked more than five (5) hours in a workday and were not provided with an uninterrupted meal period of thirty (30) minutes, or compensation in lieu thereof.

43.    Plaintiff also seeks to represent the following sub-class of OnTrac employees who were not provided second meal periods as mandated by California law (the "Second Meal Period

Class"):

> All persons who are employed or have been employed by OnTrac as non-exempt, hourly employees in sorter, loader, unloader, courier, or package handler positions, and similar and incidental positions, however titled, in the state of California, who worked more than ten (10) hours in a workday and were not provided with a second uninterrupted meal period of thirty (30) minutes, or compensation in lieu thereof

44.    Plaintiff also seeks to represent the following sub-class of OnTrac employees who were not authorized and permitted rest breaks as mandated by California law (the "Rest Period Class"):

> All persons who are employed or have been employed by OnTrac as non-exempt, hourly employees in sorter, loader, unloader, courier, or package handler positions, and similar and incidental positions, however titled, in the state of California, who were not authorized and permitted a rest period for every four hours worked or major fraction thereof and were not compensated one hour's pay for each day a rest period was not authorized and permitted.

45.    Plaintiff also seeks to represent the following sub-class of OnTrac employees who were not paid all wages upon termination or resignation as mandated by California law (the "Waiting Time Class"):

> All persons who are employed or have been employed by OnTrac as non-exempt, hourly employees in sorter, loader, unloader, courier, or package handler positions, and similar and incidental positions, however titled, in the state of California, who resigned or whose employment was terminated and who were not timely paid all wages due to them upon termination or resignation.

46.    Plaintiff also seeks to represent the following sub-class of OnTrac employees who were not provided accurate itemized wage statements as mandated by California law (the "Inaccurate Wage Statement Class"):

> All persons who are employed or have been employed by OnTrac as non-exempt, hourly employees in sorter, loader, unloader, courier, or package handler positions, and similar and incidental positions, however titled, in the state of California, who were not provided accurate itemized wage statements.

CLASS ACTION COMPLAINT

47.     Plaintiff also seeks to represent the following sub-class of OnTrac employees who were subjected to Defendant's Unfair Business Practices in violation of California law (the "Unfair Business Practices Subclass"):

> All persons who are employed or have been employed by OnTrac as non-exempt, hourly employees in sorter, loader, unloader, courier, or package handler positions, and similar and incidental positions, however titled, in the state of California, who were subject to Defendant's unfair business practices.

48.     <u>Numerosity</u>: The proposed class is so numerous that joinder of all such persons is impracticable. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is estimated to include hundreds of OnTrac employees.

49.     The proposed class is easily ascertainable. The number and identity of the class members are determinable from OnTrac's payroll records and time records for each class member.

50.     <u>Commonality</u>: There are common questions of law and fact involving and affecting the class members. The questions of law and fact common to the class members predominate over questions that may affect individual California Class members, including but not limited to the following:

    a.   Whether OnTrac violated Labor Code section 510 and the applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.* by failing to accurately calculate and pay overtime to members of the proposed class;

    b.   Whether OnTrac violated Labor Code sections 226.7, 512, the applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 et seq. by failing to provide rest periods to members of the proposed class for every four hours worked or major fraction thereof and failing to compensate those employees for one hour of pay in lieu of such rest periods;

    c.   Whether OnTrac violated Labor Code sections 226.7, 512, the applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 et seq. by failing to provide meal periods to members of the proposed class for work periods in excess

of five hours and/or ten hours and failing to compensate those employees for one hour of pay in lieu of such meals periods;

d. Whether OnTrac violated the Labor Code including sections 1194 and 1197, and applicable IWC Wage Orders, and Cal. Code Regs., Title 8, setion11000 et seq. by failing to pay Plaintiff and members of the proposed class all wages owed to compensate those employees the required minimum wage rate for each hour worked;

e. Whether OnTrac violated Labor Code sections 201 through 203 by failing to pay all earned wages including premium wages due and owing at the time any class member's employment with OnTrac terminated;

f. Whether OnTrac violated Labor Code section 226 by failing to provide Plaintiff and members of the proposed class with accurate itemized wage statements;

g. Whether OnTrac violated Labor Code section 2802 by failing to indemnify Plaintiff and members of the proposed class for necessary expenses incurred;

h. Whether OnTrac violated Labor Code section 204, 510, 1194, 1197 by failing to timely pay Plaintiff and members of the proposed class all earned wages;

i. Whether OnTrac violated Labor Code section 221-224 by paying Plaintiff and members of the proposed class using a debit card from which certain deductions were taken without prior authorization from employees;

j. Whether OnTrac violated the California Unfair Competition Laws, Cal. Bus. & Prof. Code section 1700 et seq., by failing to accurately calculate and pay all wages due to Plaintiff and members of the proposed class for all regular and overtime hours worked; by failing to accurately record the applicable rates of all overtime worked by Plaintiff and members of the proposed class; by failing to provide mandatory meal and/or rest breaks to Plaintiff and other members of the proposed class; by failing to pay minimum wages to Plaintiff and members of the proposed class for each hour worked; and

k. Whether OnTrac's conduct was willful.

CLASS ACTION COMPLAINT

51.    <u>Typicality</u>: The claims of Plaintiff are typical of the claims which could be alleged by members of the proposed class, and the relief sought by Plaintiff is typical of the relief which would be sought by members of the proposed class in individual actions. All class members were subject to the same policies and practices of OnTrac, as alleged herein, of effectively coercing and pressuring its non-exempt employees, like Plaintiff, to shorten or forego meal and rest periods and to otherwise work beyond the hours that they were properly compensated for by OnTrac.  All class members were subject to the same policies and practices of OnTrac, as alleged herein, of being paid by debit card by OnTrac.  OnTrac's compensation practices affects all class members similarly, and OnTrac benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries and damages arising from the same unlawful, policies, practices, and procedures.

52.    <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of all members of the class in that she has no disabling conflicts of interest that would be antagonistic to those of the other members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action wage and hour violations.

53.    <u>Superiority</u>: The common questions of law and fact, as identified above, predominate over any pertinent questions involving only individual class members, which will relate solely to the quantum of relief due to individual class members. A class action is superior to the other available means for the fair and efficient adjudication of this controversy because:

     a.   Common issues of law and fact, as identified above, substantially diminish the interest of class members in individually controlling the prosecution of separate actions;

     b.   A class action can be managed with efficiency and without undue difficulty because Defendant's violations complained of herein have impacted the members of the proposed class uniformly; and

     c.   Individual damages to any one class member may be relatively small, making the expense of individual litigation prohibitive or impracticable for any individual

class member.

# FIRST CAUSE OF ACTION

## Violation of the Fair Labor Standards Act

### (29 U.S.C. § 201, *et seq.*)

54.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

55.    During all relevant periods, OnTrac has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56.    During all relevant periods, OnTrac has employed, or continues to employ, "employee[s]," including Plaintiff, and each of the members of the proposed class, within the meaning of the FLSA, 29 U.S.C. § 203.

57.    Plaintiff and members of the proposed FLSA Class are not employed in an executive, administrative, or a professional capacity pursuant to 29 U.S.C. § 213(a)(1) and corresponding regulations.

58.    Upon information and belief, during all relevant periods, OnTrac has had gross operating revenues in excess of $500,000 and/or engaged in interstate commerce and/or an enterprise engaged in commerce as required by the FLSA.

59.    Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference.

60.    In addition, 29 C.F.R § 778.109 provides:

"The 'regular rate' under the Act is a rate per hour. The Act does not require employers to compensate employees on an hourly basis; their earnings may be determined on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom and, therefore, it is necessary to compute the regular hourly rate of such employees during each workweek…. The regular rate of pay of an employee is determined by dividing his or her total remuneration for employment (except statutory exceptions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."

61.    During the relevant period, Plaintiff and, upon information and belief other

- 14 –

members of the Class, worked hours off the clock and hours in excess of forty (40) hours per workweek for which they were not paid at least one and one-half times their regular rate of pay.

62.     The FLSA required that all work performed by an employee in excess of forty (40) hours in a workweek be compensated at one and one-half times the employee's regular rate of pay, as defined by 29 C.F.R. § 778.109.

63.     OnTrac failed to properly compensate Plaintiff and members of the FLSA Class for all overtime hours they worked in excess of forty (40) hours in any workweek, at one and one-half times their regular rate of pay as required by law.

64.     As a result, OnTrac failed to pay Plaintiff and the FLSA Class members earned overtime wages in violation of 29 U.S.C. §§ 206 and 207 of the FLSA. Plaintiff and the members of the proposed FLSA Class are entitled to recover their unpaid overtime compensation and liquidated damages arising therefrom.

65.     OnTrac also failed to pay Plaintiff and the FLSA Class members for all compensable time for which Plaintiff and the FLSA Class members provided work for the benefit of OnTrac.

66.     OnTrac's failure to properly pay Plaintiff and the FLSA Class members overtime was willful within the meaning of 29 U.S.C. § 255(a).

67.     As a result of OnTrac's unlawful acts, Plaintiff and the FLSA Class have been deprived of overtime and other compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interests, attorneys' fees, costs, and other compensation pursuant to § 216(b) of the FLSA.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages

(California Labor Code §§ 204, 510, 558, 1194, 1198)

68.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

69.     During all relevant periods, OnTrac required Plaintiff and the California Class members to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty

(40) hours per workweek.

70.     During all relevant periods, both the California Labor Code and pertinent wage orders required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half times the employee's regular rate of pay. Any work in excess of twelve (12) hours in one day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

71.     During all relevant periods, OnTrac had a uniform policy of requiring Plaintiff and the California Class members to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half times their regular rate of pay.  Defendant also failed to properly compensate Plaintiff and the California Class Members for hours worked in excess of twelve (12) hours in one day, or eight hours on the seventh day of a workweek.

72.     As a result, OnTrac failed to pay Plaintiff and the California Class members earned overtime wages and such employees suffered damages as a result.

73.     Due to OnTrac's violations of the California Labor Code, Plaintiff and the California Class members are entitled to recover from OnTrac their unpaid overtime wages, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory penalties, and liquidated damages.

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages

(California Labor Code § 558, 1182.12, 1194, 1194.2, 1197)

74.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

75.     The applicable wage orders and California Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set

by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

76.     During all relevant periods, OnTrac engaged in a practice and uniform policy of imposing excessive workloads, coercive policies and production demands.  OnTrac required Plaintiff and members of the California Class to work hours off-the-clock—that is, hours for which Plaintiff and the California Class performed work for OnTrac but were not paid at least minimum wage for each hour worked.

77.     As a result of the foregoing, Plaintiff and members of the California Class worked numerous hours for which they were not paid even minimum wage.

78.     OnTrac knew or should have known that employees worked "off-the-clock" to meet the requirements imposed by OnTrac.

79.     During all relevant periods, the California Labor Code and wage orders required that OnTrac fully and timely pay its non-exempt, hourly employees all wages earned and due for all hours worked.

80.     OnTrac's policy and practice of not paying all minimum wages violates California Labor Code §§ 204, 210, 216, 558, 1182.12, 1197.1, 1198, and the applicable wage order.

81.     By suffering or permitting Plaintiff and California Class members to perform "off-the-clock" work without compensation, whether or not required to do so, including, overtime hours worked, OnTrac knowingly and willfully failed to fully and timely pay the Class, including Plaintiff, their regular straight-time wage rate for all hours worked "off-the-clock."

82.     Due to OnTrac's violations of the California Labor Code and wage orders, Plaintiff and the California Class members are entitled to recover from OnTrac their unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

## **FOURTH CAUSE OF ACTION**

### **Failure to Provide Meal Periods**

(California Labor Code § 226.7, 512)

83.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

84.    Labor Code section 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

85.    Pursuant to California Labor Code section 512, an employer may not employ an employee for a work period of more than five hours per day without providing the employee with an uninterrupted meal period of not less than thirty minutes, except that if the total work period per day of the employee is not more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.

86.    Labor Code section 512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived." The applicable wage order contains a similar mandate.

87.    Per Labor Code section 226.7, if an employer fails to provide an employee a meal period, the employer must pay one additional hour of pay at the employee's regular rate of pay for each workday that the meal period is not provided.

88.    As a result of OnTrac's policies, as well as the productivity requirements and rigorous work schedules implemented and enforced by OnTrac, Plaintiff and members of the California Class were often unable to take lawful, off duty meal periods and/or were not fully relieved of their duties for meal periods. Plaintiff and other class members were required to perform work as directed by OnTrac for more than five (5) and ten (10) hours during a workday (as the case may be) without receiving a lawful meal period(s).

89.    During all relevant periods, OnTrac did not compensate Plaintiff and other Class members for these missed meal periods as required by applicable law. Plaintiff and Class

members therefore forfeited meal periods without additional compensation and in accordance with OnTrac's strict corporate policy and practice.

90.    Plaintiff and the members of the proposed Class did not voluntarily or willfully waive their meal periods.

91.    As a result of the unlawful acts of OnTrac, Plaintiff and the California Class she seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, statutory penalties, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

### FIFTH CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

(California Labor Code § 226.7, 516)

92.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

93.    Labor Code section 226.7(b) provides that an employer shall not require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

94.    Labor Code section 516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to break periods for any workers in California consistent with the health and welfare of those workers.

95.    The applicable IWC Wage Order also requires employers to authorize and permit employees to take a net 10-minute rest period for every four hours worked for major fraction thereof, which insofar as practicable shall be taken in the middle of each work period.

96.    If an employer fails to authorize and permit an employee to take a rest period, the employer must pay one additional hour of pay at the employee's regular rate of pay for each workday that a rest period is not provided.

97.    As a result of OnTrac's policies, as well as the productivity requirements and rigorous work schedules implemented and enforced by OnTrac, Plaintiff and members of the

Class were not authorized and permitted to take rest periods and/or were not fully relieved of their duties for rest periods.

98.    Plaintiff and other class members were required to perform work as directed by OnTrac for more than three and one half hours in a work day without receiving a rest break for every four hours worked or major fraction thereof.

99.    Plaintiff and, upon information and belief, the members of the California Class did not voluntarily or willfully waive rest periods and were regularly required to work through rest periods.

100.    As a matter of OnTrac's established company policy, OnTrac failed to authorize and permit the required rest periods established by Labor Code section 226.7 and Labor Code section 516 and the IWC Wage Order(s).

101.    By their failure to authorize and permit rest periods for every four hours or major fraction thereof worked per day by Plaintiff and the California Class Members, and by failing to provide compensation for such non-provided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7, 512 and the applicable IWC Wage Orders.

102.    As a result of the unlawful acts of Defendants, Plaintiff and the California Class she seeks to represent has been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512, the applicable IWC Wage Orders, and Civil Code 3287.

## SIXTH CAUSE OF ACTION

### Unlawful Wage Deductions

(California Labor Code § 212, 221, 223, 225.5)

103.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

104.    Labor Code section 212 (a) provides "No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

105.    Labor Code section 221 provides "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

106.    Labor Code section 223 provides "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

107.    OnTrac has willfully violated the above provisions by tendering payment for wages to its employees, like Plaintiff and the Class Members, in the form of a debit card from which certain unauthorized debits, charges, and unlawful deductions were taken by OnTrac and/or the financial institution issuing the debit card from the funds loaded on the employee's debit card.

108.    As a consequence of such practice, Plaintiff and the California Class were paid less than all wages owed for hours worked.

109.    As a result of the unlawful acts of OnTrac, Plaintiff and  California Class she seeks to represent has been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and cost under the California Labor Code, the applicable IWC Wage Orders, and Civil Code 3287.

## SEVENTH CAUSE OF ACTION

### Failure to Indemnify for Necessary Expenses

(California Labor Code §§ 2802)

110.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

111.    Labor Code § 2802 requires Defendant to indemnify Plaintiff and the California Class for necessary expenditures incurred in direct consequence of the discharge of his or her

- 21 -

duties.

112.     Plaintiff, and on information and belief members of the California Class, were required to incur expenses in the performance of their assigned job duties.  For example, Plaintiff and the California Class Members were required to incur numerous out of pocket expenses including for boots.

113.     Upon information and belief, the Defendant did not properly reimburse Plaintiff or the California Class for such expenses.

114.     As a result of the unlawful acts of Defendant, Plaintiff and the California Class have been deprived of un-reimbursed sums in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §2802.

## EIGHTH CAUSE OF ACTION

### Failure to Timely Pay Wages After Termination or Resignation

#### (California Labor Code §§ 201, 202 and 203)

115.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

116.      Labor Code section 201(a) states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

117.     Labor Code section 202(a) states:

If an employee not having a contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

118.      OnTrac willfully failed to timely pay Plaintiff and other members of the class all their wages due for work performed and this failure continued through the time in which

Plaintiff and other class members quit or were discharged from their employment with OnTrac. As a result, OnTrac violated Labor Code sections 201 and 202.

119.    Labor Code section 203(a) states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201, 201.3, 201.5, 202, and 202.5, any wags of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action thereof is commenced; but the wages shall not continue for more than 30 days. An employee who secrets or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

120.    Plaintiff and the Class she seeks to represent are entitled to compensation for all forms of wages earned, but to date have not received such compensation therefore entitling them to penalties under Labor Code section 203.

121.    More than 30 days have passed since Plaintiff and other affected Class members have left OnTrac's employ, and on information and belief, have not received payment pursuant to Labor Code sections 201, 202, and 203. As a result of OnTrac's willful conduct in not paying all earned wages, Plaintiff and Class members are entitled to 30 days' wages as a premium wage or penalty under Labor Code section 203.

## NINTH CAUSE OF ACTION

### Unfair Competition

(California Bus. & Prof. Code § 17200, *et seq.*)

122.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

123.    By reason of OnTrac's uniform conduct applicable to Plaintiff and other Class members, OnTrac committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof Code § 17200, et seq. (the "UCL"), as set forth herein.

124.    The conduct of OnTrac, as further alleged herein, constitutes false, unlawful, unfair, fraudulent and deceptive business practices within the meaning of Bus. & Prof.

Code section 17200, et seq.

125.     As a result of OnTrac's unlawful and/or unfair and/or fraudulent acts, OnTrac has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and other members of the California Class. OnTrac should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the class members the wrongfully withheld wages, to provide the employees restitution for the withholding and for the delay in receiving the compensation for overtime and premium wages due, pursuant to Bus. & Prof. Code section 17203.

## TENTH CAUSE OF ACTION

### Penalties Under the Private Attorneys General Act

### (Labor Code Section 2698 et seq.)

126.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

127.     Plaintiff complied with notice requirements of California's Private Attorneys General Act (PAGA) pursuant to Labor Code section 2699.3.

128.     Labor Code section 2699.3 provides in relevant part as follows:

(a)  A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:

(1) (A)  The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.
(B)  A notice filed with the Labor and Workforce Development Agency pursuant to subparagraph (A) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75). []
(C)  The fees paid pursuant to subparagraph (B) shall be paid into the Labor and Workforce Development Fund and used for the purposes specified in subdivision (j) of Section 2699.

129.     Plaintiff has complied with the statutory requirements of PAGA by, *inter alia*, sending the filing fee and written notice via timely online filing to the LWDA of the violations set forth herein.  Plaintiff also provided notice by certified mail to Defendant of

the alleged violation pursuant to Labor Code Section 2699.3(a)(1)(A).

130.     More than 65 days have passed and the LWDA has not notified Plaintiff that it intends to investigate this matter, thereby allowing Plaintiff to bring a PAGA action pursuant to Labor Code section 2699.3(a).

131.     Plaintiff is an aggrieved employee as defined in Labor Code § 2699(c) and this action is timely.  She brings this cause of action on a representative basis and seeks to represent a class of similarly situated aggrieved employees.

132.     On information and belief and based thereon, by their policy of:

   a.  Failing to pay all wages earned, including hourly and overtime wages;

   b.  Failing to provide meal periods or compensation in lieu thereof;

   c.  Failing to authorize and permit rest periods;

   d.  Failing to provide accurate wage statements;

   e.  Failing to timely pay all wages earned and owed upon separation from employment with Defendants;

   f.  Failing to indemnify necessary expenditures; and

   g.  Engaging in unfair competition;

Defendants engaged in unlawful activity prohibited by inter alia, Labor Code §§ 201, 202, 203, 204, 221-226, 226.7, 510, 512, 558, 1194, 1198, 2802 Cal. Code of Regulations, Title 8, which violation constitutes a violation of fundamental public policy.

133.     Pursuant to Labor Code Section 2699(a) Plaintiff seeks to recover civil penalties for which Defendants are liable for the Labor Code violations as set forth in the foregoing.

134.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on issues triable to a jury.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.      That the Court determine this action may be maintained as a collective action under the FLSA and a class action under Rule 23 of the Federal Rules of Civil Procedure with the named Plaintiff as Class Representative;

2.      For the attorneys appearing on the above caption to be named as Class counsel;

3.       For nominal, actual, and compensatory damages;

4.       For economic and/or special damages in an amount according to proof with interest thereon;

5.      For liquidated damages under the FLSA;

6.      That the Court find that OnTrac has engaged in unfair competition in violation of section 17200 of the Bus. & Prof. Code;

7.      That OnTrac be ordered and enjoined to make restitution to the Plaintiff and Class members due to their unfair competition pursuant to Bus. & Prof. Code sections 17203 and 17204;

8.      For premium pay and penalties pursuant to Labor Code sections 203, 226, 226.7, 512, 558;

9.      For minimum wages and premium wage pursuant to Labor Code sections 1194, 1197, and 510;

10.      An award of penalties, attorneys' fees and costs of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code sections 218.5, 226 and 1194;

11.      For penalties under the Private Attorneys' General Act, Labor Code section 2698 et seq.;

12.      For such other and further relief as the Court deems just and proper.

CLASS ACTION COMPLAINT

**Dated:  March 6, 2017**                 **JAMES HAWKINS APLC**

/s/ James R. Hawkins

James R. Hawkins, Esq.
Christina M. Lucio, Esq.,
Attorneys for Plaintiff
Susana Acosta, individually and on behalf of all others
similarly situated

- 27 –

**EXHIBIT A**

## CONSENT TO JOIN FORM

### Consent to sue under the federal Fair Labor Standards Act ("FLSA")

1. I was employed by Defendant Express Messenger Systems, Inc. (doing business as OnTrac) as a sorter.

2. From August 2015 through September 2015, I was employed by OnTrac as a sorter.

3. During my above stated dates of employment, there were occasions when

   a. I worked more than forty hours per workweek and I was not compensated at the rate of one and one half times my regular rate of pay for such hours.

   b. I worked hours for which I was not paid at least minimum wage.

4. I consent to join the FLSA collective action titled *Acosta v. Express Messenger Systems, Inc.* to recover my unpaid overtime and all other damages as allowed by the FLSA.

5. I am currently the named plaintiff in this action and represented by James Hawkins, APLC.

Print Name:
_Susana Acosta_

Signature:
_Acosta_

Date Signed:
_03.02.2017_